NO. 07-02-0407-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 17, 2003



______________________________




IN THE INTEREST OF J.P., D.P. AND A.P., MINOR CHILDREN



_________________________________



FROM THE 320th DISTRICT COURT OF POTTER COUNTY;



NO. 65162-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 On October 8, 2002, the clerk of this court received a copy of notice that appellant
Noland Hill desired to appeal a judgment of the 320th District Court of Potter County. By
letter dated October 10, 2002, the clerk advised appellant that a filing fee had not been
received, see Tex. R. App. P. 5, nor had a docketing statement been filed. See Tex. R.
App. P. 32.1. The clerk's letter likewise advised that no further action would be taken on
the appeal by this Court until a filing fee had been paid and that failure to pay the filing fee
may result in dismissal of the appeal. See Tex. R. App. P. 42.3.

 By letter dated December 4, 2002, the clerk advised appellant that the filing fee still
had not been paid, other specified actions had not been taken by appellant in regard to the
appeal, and directed appellant to take certain actions in connection with the appeal. The
clerk's letter of December 4th directed appellant to pay the filing fee, to certify to the clerk
on or before December 20, 2002, that the directives in the clerk's letter had been complied
with, and advised that failure to comply with the terms of the letter would result in dismissal
of the appeal. 

 The filing fee has not been paid. Appellant has not complied with the clerk's
direction to certify that he has complied with the directives in the clerk's letter of December
4, 2002.

 This appeal is dismissed. Tex. R. App. P. 42.3. 


 Phil Johnson

 Chief Justice



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


. Turner v. State, 805 S.W.2d 423, 430 (Tex.Crim.App. 1991). A "result of conduct"
offense means that the accused had to have a particular mind set (i.e., intentional or
knowing) to cause the prohibited result. Richie v. State, 149 S.W.3d 856, 857
(Tex.App.-Amarillo 2004, no pet.). Accordingly, a trial court must instruct the jury as to the
appropriate mens rea, i.e., the result of appellant's conduct, in an attempted capital murder
charge. Hughes v. State, 897 S.W.2d 285, 295 (Tex.Crim.App. 1994).

 Appellant contends, and the State agrees, that the charge, as presented, contained
a definition for intentional that included both nature of conduct and result of conduct
elements. Further, both the appellant and the State agree that the abstract definition of
knowingly, or with knowledge, in the charge did not contain the required result of conduct
language. Likewise, both appellant and the State agree that trial counsel did not object to
the charge before it was read to the jury. 

 Because the alleged jury charge error is raised for the first time on appeal, to
reverse the judgment, any error must have resulted in egregious harm to appellant. 
Medina v. State, 7 S.W.3d 633, 639 (Tex.Crim.App. 1999). However, when the application
paragraph, where the elements of the offense are applied to the particular accusation
against the appellant, correctly instructs the jury regarding the result of conduct mens rea,
an error contained in the abstract definitional paragraph is not egregious. Id. at 640. (1) 
Having found no egregious harm, appellant's first two issues are overruled. 

 Appellant next contends that the evidence is factually insufficient to prove beyond
a reasonable doubt that appellant intended to cause the deaths of more than one person. 
When an appellant challenges the factual sufficiency of his conviction, the reviewing court
must ultimately determine whether, considering all the evidence in a neutral light, the jury
was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the
evidence may be factually insufficient. First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a reasonable
doubt. Id. Second, considering all of the evidence, both for and against the verdict, the
contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could
not have been met. Id. at 484-85. While we review the evidence in a neutral light, we must
give appropriate deference to the jury's evaluation of the evidence, resolution of any
inconsistencies, and determination of the evidence's weight and value. Johnson v. State,
23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We are not allowed to substitute our judgment for
that of the jury unless the verdict is clearly wrong and manifestly unjust. Zuniga, 144
S.W.3d at 481-82. 

 A neutral review of the record reveals that appellant had multiple opportunities to see
the occupants in Rubio's vehicle. Rubio testified that appellant's vehicle pulled up next to
Rubio's side of the car and he made eye contact with appellant as appellant pointed a
handgun at Rubio's vehicle. Magallan testified that, at one point, appellant was pointing
the gun directly at her. Additionally, appellant's vehicle pulled ahead of Rubio's vehicle and
appellant, while leaning out of the passenger's window, fired back at Rubio's vehicle
through the front windshield. After Rubio escaped and while trying to get his wife into his
father's apartment, appellant arrived. Appellant pointed the handgun at Rubio and
Magallan and pulled the trigger, but the gun did not fire. Appellant then grinned at them
and left. Further, the jury was shown pictures of Rubio's vehicle that demonstrated how
appellant would have been able to see into the vehicle. After hearing the evidence, the jury
found against the appellant. After reviewing all of the evidence in a neutral light, we cannot
say that the verdict of the jury was not rationally justified. Id. at 484.


 As we affirm the judgment of the trial court, we will address appellant's argument
that the evidence was factually insufficient to support the verdict and explain why we do not
find his argument persuasive. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.
2003). Appellant contends that his intent on the night in question was to find someone
named "Randy," who had allegedly choked his younger brother, and punish him for his
transgression. According to appellant's theory, since his intent was to harm one person,
the evidence cannot support his conviction of attempting to cause the death of two different
individuals. While it is shown in the record that appellant may have initially thought he was
chasing and shooting at one person, a review of the record, as detailed above,
demonstrates that appellant had several occasions to view the occupants of the vehicle
and, thus, it is rational to conclude that appellant was aware that there were two people in
the car. The evidence, when viewed in a neutral light, supports the jury's implied finding
that appellant intended to cause the death of two people. Thus, we conclude that the
evidence was factually sufficient. Appellant's third issue is overruled.

 Because we have overruled appellant's issues, the judgment of the trial court is
affirmed.

 



 Mackey K. Hancock

 Justice



Do not publish. 
1.